ANDREW L. PACKARD (State Bar No. 168690)
ERIK M. ROPER (State Bar No. 259756)
HALLIE B. ALBERT (State Bar No. 258737)
Law Offices of Andrew L. Packard
100 Petaluma Blvd. N., Suite 301
Petaluma, California 94952
Telephone: (707) 763-7227
Facsimile: (707) 763-9227
Email: Andrew@Packardlawoffices.com

ROBERT J. TUERCK (Bar No. 255741)
Jackson & Tuerck
P.O. Box 148
429 W. Main Street, Suite C
Quincy, CA 95971
Tel: (530) 283-0406
E-mail: bob@jacksontuerck.com

Counsel for Plaintiff
CALIFORNIA SPORTFISHING
PROTECTION ALLIANCE

UNITED STATED DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| CALIFORNIA SPORTFISHING PROTECTION ALLIANCE, a non-profit corporation;<br><br>          Plaintiff,<br><br>     vs.<br><br>CHICO SCRAP METAL, INC., a California corporation, GEORGE SCOTT, SR., an individual, and GEORGE SCOTT, JR., an individual,<br><br>          Defendants. | Case No. 2:10-cv-01207-GEB-GGH<br><br>**PARTIES' JOINT STATUS REPORT AND RULE 26(f) DISCOVERY PLAN**<br><br>Conference Date:  September 20, 2010<br><br>Before: Hon. Judge Garland E. Burrell, Jr.<br><br>(Federal Water Pollution Control Act, 33 U.S.C. § 1251 *et seq.*) |

This Joint Status Report is submitted on behalf of Plaintiff California Sportfishing Protection Alliance (hereinafter "CSPA" or "Plaintiff"), and Defendants Chico Scrap Metal, Inc., George Scott, Sr. and George Scott, Jr. (collectively, "Defendants") pursuant to Federal Rule of Civil Procedure 16, in accordance with Local Rule 240 and the Court's Order Setting Status (Pretrial Scheduling) Conference dated May 18, 2010 ("the Order").

As required by the Court's Order, the parties hereinafter briefly set forth their jointly held view on the following matters, unless otherwise specifically noted as being a view held separately by one or more of the respective parties.

### 1. Summary of Claims

#### A. Plaintiff's Statement

The case is a Federal Water Pollution Control Act ("Clean Water Act" or "Act") citizen suit enforcement action filed by CSPA under section 505 of the Clean Water Act, 33 U.S.C. § 1365.  The Complaint alleges that Defendants have violated and continue to violate the terms of the National Pollutant Discharge Elimination System ("NPDES") Permit[1] addressing storm water pollution discharged from Defendants' scrap metal recycling facilities ("the Facilities") in: Chico, California; Durham, California; and, Oroville, California.  The Complaint more specifically alleges that Defendants discharge storm water with excessive concentrations of total suspended solids, specific conductance, pH, iron, copper, aluminum, chemical oxygen demand, lead, zinc and other unmonitored pollutants from the Facilities into waters of the United States without applying certain requisite pollution control technologies, and that such storm water exceeds certain water quality standards and benchmark levels established by the United States Environmental Protection Agency ("EPA") and the California State Water Resources Control Board.  CSPA also claims that Defendants have failed to implement the required Best Available Technology Economically Achievable ("BAT") for toxic and nonconventional pollutants and the Best Conventional Pollutant Control Technology ("BCT") for conventional pollutants.  Finally, CSPA also alleges that Defendants continue to fail to develop and

---

[1] The NPDES Permit that CSPA alleges Defendant is violating is entitled "State Water Resources Control Board Water Quality Order No. 97-03-DWQ, National Pollutant Discharge Elimination System General Permit No. CAS000001, Waste Discharge Requirements for Discharges of Storm Water Associated with Industrial Activities Excluding Construction Activities."

implement an adequate Storm Water Pollution Prevention Plan, and an adequate Monitoring and Reporting Program. Based upon these allegations, CSPA seeks civil penalties, injunctive relief, and costs (including reasonable attorney, witness, and consultant fees) as authorized by the Act, 33 U.S.C. § 1365(d).

Defendants Chico Scrap Metal, Inc., George Scott, Sr., and George Scott, Jr. own and/or operate three scrap metal recycling facilities in Chico, Durham, and Oroville, California.

**B. Defendants' Statement**

Chico Scrap Metal is a family owned and operated scrap metal recycling business. George Scott, Sr., who is 75 years old, founded Chico Scrap Metal ("CSM") over 30 years ago. Since then he has expanded his scrap metal recycling business to include several locations to serve the citizens of Butte County by providing a place to safely dispose of scrap metal and consumer items, which are then recycled for productive reuse by other California businesses. The alternative to scrap metal recycling businesses has been and would be thousands of tons of material (refrigerators, electronic devices, cars, and so forth) dumped along side California roads, fields and waterways. CSM is a critical part of environmentally responsible waste management. CSPA's civil action against defendants is barred as a matter of law for several reasons. First, CSM is currently under the Butte County Superior Court's and Department of Toxic Substances Control's ("DTSC") jurisdiction for a criminal and regulatory enforcement proceeding. See, 33 U.S.C. section 1365(b)(1)(B). As well, all of CSM's scrap metal facilities are currently under the regulatory supervision of DTSC, which is the lead enforcement agency until all conditions of the pending consent orders are completed.

Defendants note that in 2009, CSM assisted by Dr. Barton Simmons, former director of DTCS's Environmental Chemistry Laboratory (ECL), revisited the 2007 findings and conclusions. Dr. Simmons, after a review of the lab data and interviewing lab representatives, concluded that none of the 2007 tests yield reliable results sufficient to support the conclusion that the materials had been properly classified as hazardous waste. The result, which is now well documented by expert reports and declarations, is that all of the test results for materials sampled by DTSC at CSM facilities were unreliable and would not have supported the criminal conviction or the regulatory action that CSM is now subject to under the DTSC consent orders. CSM has initiated motions and writs to withdraw the

plea, and those matters are presently under court review.  The DTSC and District Attorney oppose CSM's efforts to withdraw the plea and rescind the global settlement agreement.  However, pending the outcome of these post-conviction proceedings, CSM facilities remain subject to the state court and regulatory proceedings set forth herein.

Second, the alleged contaminated discharge(s) from the CSM facilities at issue in this suit do not reach navigable waters as defined in the Clean Water Act.  Congress passed the CWA in 1972 "to restore and maintain the chemical, physical, and biological integrity of the Nation's waters."  86 Stat. 816, codified at 33 U.S.C. § 1251(a). One of its principal provisions prohibits the unpermitted discharge of pollutants into "navigable waters." 33 U.S.C. § 1311(a).  The term "navigable waters" is defined elsewhere in the Act to mean "waters of the United States." Id. § 1362(7).  Defendants have, assisted by consultants, conducted extensive site investigation and research concerning this issue.  As to each facility named in the pending suit, the stormwater discharge pathway and termination points are in land areas that are remote from and do not impact navigable waters.  This is a jurisidictional question though it is obviously tied to factual questions.

Third, the Clean Water Act bars citizen suits for wholly past violations.  In the seminal environmental law case Gawltney of Smithfield, Ltd. v. Chesapeake Bay Foundation, Inc., the Supreme Court held that Section 505(a) does not confer federal jurisdiction over citizen suits for wholly past violations.  (Gawltney of Smithfield, Ltd. v. Chesapeake Bay Foundation, Inc. (1987) 108 S.Ct. 376, 380-384.   Finally, the evidence will show that in this case, CSM's storm water discharge complies with the NPDES permit.  Further, defendants notified CSPA of each of these legal defects prior to the commencement of this suit.

**2.      Status of Service.**  CSPA served the Complaint and all initial Complaint-related documents (i.e., civil cover sheet, Summons, Order Setting Status (Pretrial Scheduling) Conference, Notice Of Availability Of A Magistrate Judge, and Notice Of Availability [of] Voluntary Dispute Resolution) on Defendant Chico Scrap Metal, Inc.'s agent for service of process on May 19, 2010.  Additionally, CSPA served the Complaint and all initial Complaint-related documents (i.e., civil cover sheet, Summons, Order Setting Status (Pretrial Scheduling) Conference, Notice Of Availability Of A Magistrate Judge, and Notice Of Availability [of] Voluntary Dispute Resolution) on Defendant George

Scott, Jr. on May 19, 2010.  Finally, CSPA served the Complaint and all initial Complaint-related documents (i.e., civil cover sheet, Summons, Order Setting Status (Pretrial Scheduling) Conference, Notice Of Availability Of A Magistrate Judge, and Notice Of Availability [of] Voluntary Dispute Resolution) on Defendant George Scott, Sr. on May 23, 2010.  Defendants note that CSPA commenced this action within just days of receiving defendant's written response to CSPA's letter notification of its intent to file this action.  Defendants are informed and believe that CSPA conducted no reasonable investigation, before or after receipt of defendants' response, of the clear jurisdictional defects in this case.

**3.  Possible Joinder of Additional Parties.**  At this time, the parties do not intend to join additional parties.  As discovery continues, CSPA may consider joining additional parties.

**4.  Anticipated Amendments to Pleadings.**  On August 2, 2010, CSPA issued to Defendant Chico Scrap Metal, Inc. a notice of violations of California's Safe Drinking Water & Toxic Enforcement Act of 1986, codified at Health & Safety Code §25249.5 *et seq*. (also referred to as "Proposition 65").  On or about October 6, 2010, CSPA intends to amend the Complaint to add claims alleging violations of Proposition 65.  After receiving Defendants' initial disclosures and/or further discovery, CSPA may seek to amend the Complaint to reflect claims of additional violations by Defendants or to join additional defendants, but none are anticipated at this time.  Defendants note that they are currently investigating the most recent claims by CSPA and will shortly respond to CSPA's August 2, 2010 letter.  Defendants note with interest, CSPA's proposed timing, which would once again be just days after the deadline for a written response to CSPA's Prop 65 notification.

**5.  Basis for Jurisdiction and Venue.**  This Court has subject matter jurisdiction over the parties and the subject matter of this action pursuant to Section 505(a)(1)(A) of the Act, 33 U.S.C. § 1365(a)(1)(A), and 28 U.S.C. § 1331 (action arising under the laws of the United States).  Venue is proper in the Eastern District of California pursuant to Section 505(c)(1) of the Act, 33 U.S.C. § 1365(c)(1), because the source of the violations is located within this judicial district.  Pursuant to Local Rule 120, intradistrict venue is proper in Sacramento, California because the source of the violations is located within Butte County.

**6.     Anticipated Motions.**

A.  By Plaintiffs

CSPA anticipates the filing of motions to compel discovery and a motion for summary judgment.  Given that it has yet to propound discovery, at this time CSPA is unable to suggest dates upon which it may elect to file motions to compel discovery.  Pursuant to the schedule set forth below, CSPA proposes setting the deadline for the filing of non-discovery, dispositive motions for February 17, 2012.

B.  By Defendants

Defendants intend to bring a motion for summary judgment as the pending claims.  Defendants presently anticipate that they will bring an motion to dismiss under FRCP Rules 12(b)(1) and 12(b)(6) in response to the proposed amended complaint referenced herein.  Defendants will seek leave to file a motion for summary judgment as soon as possible after the completion of the Initial Disclosures insofar as the motion would be dispositive of the issue of jurisdiction in this action.

**7.     Anticipated Discovery.**

CSPA will conduct a combination of written discovery, site inspections and depositions and anticipates requesting as many as three inspections of each of Defendants' Facilities.

Defendants reserve the right to conduct discovery, as necessary, in defense of this action and in accordance with applicable rules.  Defendants will seek an order limiting all discovery in the case to the jurisdictional questions – which as noted, pertain to whether the storm water discharge in question reaches navigable waters as defined by federal law.

**8.     Discovery Plan Pursuant to Federal Rule of Civil Procedure 26(f); Phasing of Discovery; Proposed Dates.**

(a)     **Initial Disclosures.**  The parties will exchange their respective initial disclosures and electronic copies, where electronic copies are feasible, of the non-privileged documents identified therein no later than September 30, 2010.  Where an electronic copy of a document is not feasible, a paper copy of the document will be provided on or before September 30, 2010.

**(b)**      **Subjects of Discovery.**  CSPA will conduct a combination of written discovery, site inspections and depositions and anticipates requesting as many as three inspections of Defendants' Facilities.  Once the parties' initial disclosures are completed, CSPA intends to serve Defendants with requests for site inspections and production of documents, requests for admissions, and written interrogatories.  CSPA anticipates propounding discovery on the nature and extent of potential sources of pollution in Defendants' discharges from the Facilities; Defendants' procedures and actions for achieving compliance with the Permit and the Act; the lay-out and composition of all physical structures at the Facilities; Defendants' monitoring and reporting records concerning discharges from the Facilities and information relating to Defendants' interactions with the regional Water Quality Control Board and the California State Water Resources Control Board; and all information pertinent to the penalty factors to be considered under the Act, including, but not limited to, Defendants' financial information relevant to the assessment of civil penalties.  CSPA also intends to depose Defendants' employees, managers and other agents, as well as agency personnel, who may have information relevant to the case.

Although CSPA has attempted to provide a thorough overview of the issues upon which it intends to focus its discovery efforts, the above list may be expanded as CSPA's investigation unfolds.

Again, Defendants will seek an order limiting all discovery in the case to the jurisdictional questions – which as noted, pertain to whether the storm water discharge in question reaches navigable waters as defined by federal law.   The specific subject matter of that discovery would be the determination by qualified experts of the pathway of the stormwater once it leaves CSM's three facilities.

(c) **Needed Changes To Limitations On Discovery Imposed Under the Federal Rules of Civil Procedure or the Local Rules.**

CSPA does not believe the Court should make any changes to the limitations on discovery normally imposed under the Federal Rules of Civil Procedure or the Local Rules.  Defendants, as noted herein, will seek an order limiting discovery in the case.

**9.      Schedule of Future Proceedings.**  The Parties jointly propose the following schedule for discovery:

**March 22, 2011**:  Plaintiff's position:  Last Day to Join Parties and Amend Pleadings; Defendants' position:

**June 10, 2011**:  Completion of Non-Expert Discovery;

**September 9, 2011**:  Last Day for Expert Disclosure and Exchange of Expert Reports and All Documents Upon which the Expert Reports are based;

**October 14, 2011**:  Last Day to Exchange Expert Rebuttal Reports and All Documents Upon which the Expert Rebuttal Reports are Based;

**January 6, 2012**:  Completion of Expert Discovery;

**February 17, 2012**:  Deadline for filing of non-discovery, dispositive motions;

**August 29, 2012**:  Final Pretrial Conference; and,

**October 10, 2012**:  Trial.

**10.      Estimated Trial Time.**  The parties estimate that trial will require five (5) to eight (8) days.

**11.      Special Procedures.**  The parties do not believe this matter is appropriate for reference to a special master and Plaintiff does not consent to proceed to trial before a Magistrate Judge.

**12.      Modifications of Standard Pretrial Procedures.**  None requested.

**13.      Related Cases.**  None.

**14.      Prospects for Settlement.**

**A.  Plaintiff's Position:** At this time CSPA does not believe this case is a good candidate for settlement.  CSPA's repeated efforts to engage Defendants in a productive settlement dialogue have been rebuffed by Defendants' counsel.  For example, CSPA has made a standing offer to

---

Defendants to conduct a settlement-protected inspection of the Facilities with the parties' respective storm water consultants present in order to, among other things, conclusively determine where storm water discharging from these facilities in fact goes, i.e., whether it does or does not reach waters of the United States.  Defendants have repeatedly rejected this overture.  While Defendants have proposed an off-site, telephonic meeting of the parties' counsel and consultants to address the issue of whether the Facilities discharge storm water to waters of the United States, CSPA believes such an off-site meeting would necessarily be of limited utility given the disparity of factual information at the parties' respective disposal.  CSPA believes that if Defendants are so confident that their Facilities do not in fact discharge to waters of the United States, they should simply assent to CSPA's request to conduct settlement-protected inspections of each of the three Facilities.  Nevertheless, CSPA is willing to engage in a settlement conference before either the trial Judge or the Magistrate Judge at any time.  At this time, CSPA respectfully declines to submit the case to the Court's Voluntary Dispute Resolution Program or outside mediation.

### B.  Defendants' Position:

Defendants have proposed to CSPA a meeting among the experts to review the facts pertaining to the issue of whether the storm water reaches navigable waters.  CSPA has declined that invitation. Starting with the first communication in this case, CSPA has demanded that the parties conduct an immediate onsite inspection to determine the extent of the problem and how CSPA might, as a self styled private regulator, dictate changes in defendants' operations now and in the future.  Defendants declined that request, but they have repeatedly told CSPA that defendants can demonstrate that the storm water does not reach waters of the United States by reference to extensive on the ground investigation conducted by their experts.   Defendants have offered to meet with the experts to review the findings, which CSPA can then verify by its own investigation of the storm water path once it leaves CSM's facilities.  Defendants believe that once their summary judgment motion is filed, and CSPA has an opportunity to review the compelling evidence on the issue of the path and termination point of the storm water flow, the parties would benefit by participation in mediation.

### 15.    Other Matters.  None.

Respectfully submitted,


Dated:  September 3, 2010          LAW OFFICES OF ANDREW L. PACKARD

                                   _/s/ Erik M. Roper_____
                                   By:  Erik M. Roper
                                   Attorneys for Plaintiff
                                   CALIFORNIA SPORTFISHING
                                   PROTECTION ALLIANCE


Date:  September 3, 2010           CANNATA, CHING & O'TOOLE LLP

                                   _/s/ Therese Y. Cannata_____
                                   By:  Therese Y. Cannata
                                   (As authorized on September 3, 2010 – L.R. 131)
                                   Attorneys for Defendants
                                   CHICO SCRAP METAL, INC., et al.