UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| CALIFORNIA SPORTFISHING PROTECTION ALLIANCE, | No. 2:10-cv-1207 GEB AC |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| CHICO SCRAP METAL, INC., ET AL., | |
| Defendants. | |

    This matter is before the court on plaintiff's November 6, 2013 motion to quash or modify subpoenas. Following the January 22, 2014 hearing on this motion, plaintiff was directed to deliver to chambers for *in camera* inspection those documents for which it was asserting the work product privilege. The court has received the CD and, upon review, finds it necessary to issue the following order.

    This dispute stems from the October 23, 2013, subpoenas issued by defendants to the Custodian of Records for the Butte County Office of the District Attorney ("the DA's Office") and to Deputy District Attorney Harold M. Thomas ("Deputy DA Thomas") pursuant to Federal Rule of Civil Procedure 45 for the production of documents and communications. The subpoena to the DA's Office included eighteen requests for production and the subpoena to Deputy DA Thomas included twenty requests.

    Plaintiff moves to quash or modify requests No. 1 through No. 4 and No. 9 through No.

1

12[1] as protected by the attorney work-product doctrine.  These requests are directed to communications between, on the one hand, the DA's Office / Deputy DA Thomas, and on the other hand, plaintiff / its counsel concerning defendants.  In support of its objections to these requests, plaintiff submitted a privilege log to defendants, which is also before the court.

"The work product doctrine, codified in Federal Rule of Civil Procedure 26(b)(3), protects from discovery documents and tangible things prepared by a party or his representative in anticipation of litigation."  In re Grand Jury Subpoena (Mark Torf/Torf Environmental Management), 357 F.3d 900, 906 (9th Cir. 2004).  Such documents may only be ordered produced upon an adverse party's demonstration of "substantial need [for] the materials" and "undue hardship [in obtaining] the substantial equivalent of the materials by other means."  Fed. R. Civ. P. 26(b)(3).  In order to come within the work-product protection created by Rule 26(b)(3), the material must be (1) "documents and tangible things" (2) "prepared in anticipation of litigation or for trial" (3) "by or for another party or by or for that other party's representative."

When a party withholds information otherwise discoverable by claiming that the information is protected by the work product doctrine, the party must "(i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."  Fed. R. Civ. P. 26(b)(5)(A).  "An existing privilege exemption from discovery must be raised in a proper fashion to be effective in justifying a refusal to provide discovery.  Failure to assert the privilege objection correctly can mean that the privilege is waived."  8 Fed. Prac. & Proc. Civ. § 2016.1 (3d ed.).

Plaintiff has the burden of proving application of the work product privilege.  Coastal States Gas Corp. v. Department of Energy, 617 F.2d 854, 866 (D.C. Cir. 1980).  In camera inspection of documents by this court "'is not a substitute for the [plaintiff's] burden of proof.'"  Maricopa Audubon Society v. U.S. Forest Service, 108 F.3d 1089, 1093 n.2 (9th Cir. 1997) (quoting Church of Scientology of California v. U.S. Department of the Army, 611 F.2d 738, 743

---

[1] Requests No. 9 and No. 10 served on DA's Office are identical to requests No. 11 and No. 12 served on Deputy DA Thomas.

(9th Cir. 1979)).

Here, the court finds that plaintiff's privilege log and *in camera* production are woefully inadequate. To begin, plaintiff fails to assign sequential numbers or Bates stamp numbers to any of the documents, either in the privilege log or on the CD provided to the court, thereby placing an undue burden on the court to identify which document correlates to which item on the privilege log. Moreover, plaintiff has apparently produced numerous documents for which the attorney work-product doctrine is unquestionably inapplicable (e.g., an April 15, 2011 Notice of Noncompliance mailed to defendants from the Department of Toxic Substances Control). It has also submitted documents, reports, and/or presentations that fail to identify either the author or recipient, making a determination of the applicability of the asserted privilege impossible. The court will not continue to expend its scarce judicial resources fulfilling plaintiff's burden.

Accordingly, IT IS HEREBY ORDERED that plaintiff shall submit a revised privilege log identifying only those documents for which it is asserting work-product protection. The log shall identify each document with a Bates number and shall provide sufficient detail to enable the court to determine why a privilege is asserted as to each document. Plaintiff shall also deliver a second CD containing only those documents for which it is asserting work-product protection and which are assigned Bates numbers that correlate to the documents on the privilege log. Both the privilege log and the CD shall be delivered to the undersigned's chambers no later than 12 p.m. on February 5, 2014. Failure to abide by this order will result in a denial of plaintiff's motion to quash.

DATED: January 30, 2014

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3