UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA SPORTFISHING PROTECTION ALLIANCE, a non-profit corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CHICO SCRAP METAL, INC., a California corporation; GEROGE W. SCOTT, SR. REVOCABLE INTER VIVOS TRUST; GEORGE SCOTT, SR., an individual; and GEORGE SCOTT, JR., an individual,<br><br>　　　　　Defendants. | No. 2:10-cv-01207-GEB-AC<br><br>**ORDER RE DEFENDANTS' MOTION TO BIFURCATE OR, IN THE ALTERANTIVE, MOTION FOR A PROTECTIVE ORDER AND MOTION TO RECONSIDER DISCOVERY ORDER; ORDER AMENDING DEADLINE TO COMPLETE CERTAIN EXPERT DISCOVERY**[*] |

　　　　Defendants argue in alternative motions that they "renew their motion for bifurcation" of the liability and penalty phases of this action "in light of th[e] Court's earlier Order [denying their original bifurcation motion] and further evidence now presented[;]" "seek . . . protective order[s] staying discovery of defendants' financial information[,]" or "limiting the scope of discovery[;]" and "seek reconsideration and/or modification of [Magistrate Judge Claire's October 9, 2014] Discovery Order." (Mem. P.&A. in Supp. of Defs.' Am. Mot. to

---

[*] The hearing on December 22, 2014, is vacated since this matter is suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

Bifurcate ("Defs.' Mot.") 1:9-19, ECF No. 159-1.) For the reasons stated below, each request is denied.

### A.   Reconsideration of Defendants' Bifurcation Motion

Defendants essentially seek, in what they characterize as their "renewed" motion for bifurcation, reconsideration of the Court's June 4, 2014 Order Denying [Their Original] Motion to Bifurcate. However, Defendants neither address, nor show they have satisfied, the legal standard which governs reconsideration of that order. See Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993) ("Rule 60(b) provides for reconsideration only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; . . . or (6) 'extraordinary circumstances' which would justify relief." (internal quotation marks and citation omitted)). Further, Defendants' reconsideration request does not comply with Local Rule 230(j), which prescribes in relevant part:

> Whenever . . . a . . . motion for reconsideration is made upon the same or any alleged different set of facts, counsel shall present to the Judge . . . an affidavit or brief . . . setting forth . . . (3) what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and (4) why the facts or circumstances were not shown at the time of the prior motion.

Although Defendants state their "renew[ed] motion for bifurcation" is based on "further evidence now presented[,]" Defendants do not specify what additional evidence is offered or explain why such evidence was not presented in their original bifurcation motion. Therefore, Defendants' "renew[ed] motion for bifurcation" is denied.

2

**B.     Alternative Request for a Protective Order(s)**

Defendants' alternative request under Federal Rule of Civil Procedure ("Rule") 26(c)(1) for a protective order(s) is not decided since "all . . . motions relating to protective orders . . . submitted or filed for hearing before discovery cutoff"[1] are to be decided by the Magistrate Judge. E.D. Cal. 302(c)(1).

**C.     Reconsideration of Discovery Order**

Defendants also seek under Rule 72(a) and Local Rule 303(c) "reconsideration of a portion of . . . Magistrate Judge Claire['s October 9, 2014 Discovery Order]," specifically, "[her] failure to consider [D]efendants' objections to scope of the requested discovery." (Defs.' Mot. 2:18-19, 3:1-6, 15:14-17.) Defendants contend "[t]he [Magistrate Judge's] passing remark that the objections were not timely introduced is contrary to law, which does not deem objections waived unless a party clearly makes no effort until after an adverse ruling to interpose an objection." (Id. at 3:4-6.)

"If a party objects to a nondispositive pretrial ruling by a magistrate judge, the district court will review or reconsider the ruling under the 'clearly erroneous or contrary to law' standard." Mackey v. Frazier Park Pub. Util. Dist., No. 1:12-CV-00116-LJO-JLT, 2012 WL 5304758, at *2 (E.D. Cal. Oct. 25, 2012) (quoting Fed. R. Civ. P. 72(a)). "A magistrate judge's factual findings are 'clearly erroneous' when the district court

---

[1] "The final day to 'complete' . . . discovery [is] Monday, January 26, 2015 . . . ." (Stipulation Modifying Pretrial Scheduling Order 3:16-17, ECF No. 151; see also Minute Order approving the referenced stipulation, ECF No. 152.)

3

is left with the definite and firm conviction that a mistake has been committed." Id. (quoting Sec. Farms v. Int'l Bhd. of Teamsters, 124 F.3d 999, 1014 (9th Cir. 1997). "However, the district court 'may not simply substitute its judgment for that of the deciding court.'" Id. (quoting Grimes v. City of S.F., 951 F.2d 236, 241 (9th Cir. 1991)). "An order 'is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" Id. (quoting Knutson v. Blue Cross & Blue Shield of Minn., 254 F.R.D. 553, 556 (D. Minn. 2008)). "A magistrate judge's pre-trial discovery orders are generally considered nondispositive orders." Id. (citing Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 525 (2d Cir. 1990)).

Here, the Magistrate Judge held in the Discovery Order, *inter alia*, that "Defendants' supplemental response [to Plaintiff's third set of requests for production] was . . . untimely and w[ould] not be considered . . . to the extent that it raise[d] objections not raised in its original response." (Discovery Order 7:13-16, ECF No. 158.) Defendant has not shown the Magistrate Judge's ruling on this issue was clearly erroneous or contrary to law. See, e.g., Safeco Ins. Co. of Amer. v. Rawstrom, 183 F.R.D. 668, 671-72 (C.D. Cal. 1998) ("[O]bjections not included in a timely response are waived even if the objections are contained in a later untimely response, absent a showing of good cause."). Therefore, Defendants' request for reconsideration of the Discovery Order is denied.

**D.   Extension of Certain Discovery Deadlines**

Lastly, on November 24, 2014, the parties stipulated to extend the deadline to conduct certain expert discovery, as

follows:

>    (1)   The last day to exchange expert witness disclosures for experts designated to provide opinion testimony regarding Defendants' financial wherewithal and the alleged economic benefit Defendants derived from violating the Clean Water Act and shall be extended from November 24, 2014 to the date 45 days following the date of production of Defendants' financial records; [and]
>
>    (2)   The last day to designate rebuttal experts or provide supplementary reports will be twenty days (20) following the designation of experts in Paragraph (1) . . . .

(Stipulation & Proposed Order Modifying Expert Disc. Deadlines 3:2-11, ECF No. 162.)

The parties' stipulation to extend the expert disclosure deadlines concerning the specified expert opinion testimony is approved.

Dated: December 2, 2014

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

5