UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA SPORTFISHING PROTECTION ALLIANCE, a non-profit corporation,<br><br>         Plaintiff,<br><br>    v.<br><br>CHICO SCRAP METAL, INC., a California corporation; GEORGE W. SCOTT, SR., individually and as trustee of GEORGE W. SCOTT, SR. REVOCABLE INTER VIVOS TRUST DATED SEPTEMBER 25, 1995,<br><br>         Defendants. | No. 2:10-cv-01207-GEB-AC<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR AMENDMENT OF THE ORDER GRANTING IN PART AND DENYING IN PART EACH PARTY'S SUMMARY JUDGMENT MOTION TO PERMIT CERTIFICATION FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)** |

Defendants Chico Scrap Metal, Inc., George W. Scott, Sr., individually and as trustee of the George W. Scott, Sr. Revocable Inter Vivos Trust, dated September 25, 1995, (collectively, "Defendants"), seek amendment of this Court's Order Granting in Part and Denying in Part Each Party's Summary Judgment Motion, (Order Granting in Part and Den. in Part Each Party's Summ. J. Mot. ("Order"), ECF No. 221). Specifically, Defendants seek amendment that would certify for interlocutory appeal under 28 U.S.C. § 1292(b) the following two questions:

> Whether water quality standards, including the California Toxics Rule ("CTR"), apply to the quality of the receiving water, not the quality of the industrial storm water discharge[;] and

1

>           Whether a storm water discharge sample from an industrial facility in exceedance of the CTR, without regard to the sampling, testing or condition of the receiving waters, is a violation of the statement in the 2007 or the 2014 General Permit that storm water discharges "shall not cause or contribute to an exceedance of any applicable water quality standards[.]"

(Defs.' Mot. for Amendment of Order ("Mot.") 2:8–14, ECF No. 224 (footnote and citation omitted).) Although Defendants state a 2007 General Permit is involved in the second question they seek to have certified, the Court will construe this as referring to the 1997 General Permit, since Defendants state in their motion that the 1997 General Permit was "[t]he General Permit in effect at the time of the parties' summary judgment briefing." (Mot. 2 n.1.)

Defendants also request this proceeding in the district court be stayed should their certification motion be granted. (Mot. 12:13–16.)

### I.   LEGAL STANDARD

"Section 1292(b) provides a mechanism by which litigants can bring an immediate appeal of a non-final order upon the consent of both the district court and the court of appeals." In re Cement Antitrust Litig., 673 F.2d 1020, 1025–26 (9th Cir. 1982). The district court may certify a ruling for such an interlocutory appeal only if the following three requirements are satisfied: (1) the "order involves a controlling question of law," (2) "there is substantial ground for difference of opinion" on that controlling question of law, and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The Ninth Circuit states

since "Section 1292(b) is a departure from the normal rule that only final judgments are appealable . . . [it] therefore must be construed narrowly[,]" James v. Price Stern Sloan, Inc., 283 F.3d 1064, 1068 n.6 (9th Cir. 2002), and shall "be used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." In re Cement Antitrust Litig., 673 F.2d at 1026 (citations omitted). "The party seeking review [has] the burden of showing that 'exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" Ass'n of Irritated Residents v. Fred Schakel Dairy, 634 F. Supp. 2d 1081, 1087 (E.D. Cal. 2008) (quoting Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978)).

## II. MATERIALLY ADVANCE

Defendants argue the questions they seek to have certified would materially advance the termination of the litigation, contending that "[a] successful appeal would resolve the remaining portion of the first and fifth causes of action, [thereby] eliminating the need to present evidence at trial o[n] the 62 [storm water discharge] samples taken by Plaintiff." (Mot. 9:5-9.) They further argue "this Court's ruling as to the 65 storm water [discharge] samples taken by Defendants and the samples taken on December 11, 2014, premised on the applicability of the CTR standards to these storm water discharges, would be reversed," and the reversal would obviate the need "to hear evidence on the amount of penalties to be assessed against Defendants for these 65 sample exceedances."[1] (Mot. 9:15-17.)

---

[1] These numbers have been reconsidered per the Court's Order Granting

3

Plaintiff counters: "The storm water sample results are pertinent to all of Plaintiff's causes of action that will be tried in February."[2] (Pl.'s Opp'n to Mot. ("Opp'n") 3:5-6, ECF No. 240.) Plaintiff further counters: "[R]egardless of a reversal on CTR, Plaintiff will need to put on evidence regarding the storm water samples taken by third-parties, as these sample results support Plaintiff's other causes of action for additional violation of the [General] Permit[,] . . . the [federal Clean Water] Act[,] and Proposition 65." (Opp'n 3:12-15 (emphasis added).) Plaintiff also rejoins that in the penalty phase of this action, "Plaintiff will not present separate evidence to support penalties in relation to the 65 storm water sample results taken by third-parties." (Opp'n 3:23-24.)

Defendants have not shown that an immediate appeal from the Order "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Defendants' certification "[m]otion comes after [multiple] years of extensive discovery and dispositive motion practice and immediately before final resolution of this matter at trial," Cmty. Ass'n for Restoration of the Env't, Inc. v. Cow Palace, LLC, No. 2:13-CV-3016-TOR, 2015 WL 403178, at *2 (E.D. Wash. Jan. 28, 2015); trial is scheduled to begin in early 2016. At this late stage in the action, "allowing an interlocutory appeal would [not] avoid protracted and expensive litigation." In re Cement Antitrust Litig., 673 F.2d at 1026 (citations omitted).

---

Defendants' Motion for Partial Reconsideration.
[2]   A Minute Order issued on January 4, 2016, reschedules the trial to commence at 9:00 AM on April 19, 2016. (ECF No. 249.)

**III.   CONCLUSION**

For the stated reasons, Defendants' motion is denied.

Dated:   January 4, 2016

GARLAND E. BURRELL, JR.
Senior United States District Judge