| | |
|---|---|
| UNITED STATES DISTRICT COURT | |
| EASTERN DISTRICT OF CALIFORNIA | |

| | |
|---|---|
| CALIFORNIA SPORTFISHING PROTECTION ALLIANCE, a non-profit corporation,<br><br>        Plaintiff,<br><br>  v.<br><br>CHICO SCRAP METAL, INC., a California corporation; GEORGE W. SCOTT, SR., individually and as trustee of GEORGE W. SCOTT, SR. REVOCABLE INTER VIVOS TRUST DATED SEPTEMBER 25, 1995,<br><br>        Defendants. | No. 2:10-cv-01207-GEB-AC<br><br>**ORDER REGARDING PLAINTIFF'S MOTION FOR INTERIM ATTORNEY FEES** |

Plaintiff California Sportfishing Protection Alliance ("Plaintiff") seeks an interim award of $1,270,064.97 in attorney fees and costs under 33 U.S.C. § 1365(d), contending it is the prevailing party following this Court's Order that granted in part and denied in part each party's summary judgment motion. Additionally, Plaintiff seeks attorney fees for its work on the instant motion. Plaintiff also moves to strike Defendants' errata to their Opposition brief, filed in opposition to the motion *sub judice*.

1

# I. LEGAL STANDARD

Section 1365(d) states:

> The court, in issuing any final order in any action brought pursuant to this section, may award costs of litigation (including reasonable attorney and expert witness fees) to any prevailing or substantially prevailing party, whenever the court determines such award is appropriate.

The Ninth Circuit has held: "A district court's decision to award attorney fees under . . . the [federal Clean Water Act (]CWA[)] must rest on two findings. First, [the court] must find that the fee applicant is a 'prevailing or substantially prevailing party.' Second, it must find that an award of attorney fees is 'appropriate.' An award of attorney fees may not be appropriate where 'special circumstances' [that would render the award of attorney fees unjust] are found." Resurrection Bay Conservation All. v. City of Seward, Alaska, 640 F.3d 1087, 1091 (9th Cir. 2011) (first alteration in original) (footnote, citations, and internal quotation marks omitted). Further, "the usual approach to evaluating the reasonableness of an attorney fee award requires application of the lodestar method and Kerr[1] factors," the most critical of which "is the degree of success obtained." Id. at 1095 (citations omitted).

Under the lodestar method, the district court "multiplies the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate" to calculate the lodestar figure. Ballen v. City of Redmond, 466

---

[1] Kerr v. Screen Extras Guild, Inc., 526 F.2d 67 (9th Cir. 1975) (adopting factors to be considered in determining the reasonableness of attorney fees).

2

F.3d 736, 746 (9th Cir. 2006) (citation and internal quotation marks omitted).

## II. MOTION FOR INTERIM ATTORNEY FEES

Defendants agree that Plaintiff is a prevailing party. (Mem. of P. & A. in Opp'n to Mot. ("Opp'n") 6:11-13, ECF No. 242.) Further, they do not argue that a special circumstance exists. (Opp'n 6:4-13.)

### A. Relevant Community

Plaintiff seeks rates "based on the prevailing San Francisco Bay Area market rates for [Plaintiff]'s Bay Area counsel, and the prevailing market rates in Quincy, California for" Plaintiff's Quincy counsel, Robert Tuerck. (Mem. of P. & A. ISO Pl.'s Mot. ("Mot.") 14:12-14, ECF No. 231.) Specifically, Plaintiff seeks the following hourly rates for its counsel: Andrew Packard: $595; Erik Roper: $350; Emily Brand: $333; Laurie Mikkelson: $350; Megan Truxillo: $333; John Prager: $283; Jackson & Tuerck: $250; and Lozeau Drury LLP: $700. (Ex. A, ECF No. 233-1.)

Defendants do not challenge these rates.

The reasonable hourly rate is "calculated according to the prevailing market rates in the relevant legal community, [Blum v. Stenson, 465 U.S. 886, 895 (1984)], and the general rule is that the rates of attorneys practicing in the forum district, here the Eastern District of California-Sacramento, are used." Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992) (citation omitted). However, out-of-forum "rates . . . may be employed if [Sacramento] counsel was unavailable, either because they are unwilling or unable to perform because they lack the

3

degree of experience, expertise, or specialization required to handle properly the case." Id. at 1405 (citations omitted). "[P]laintiffs must . . . prove the unavailability of counsel **within** the local forum in order to justify the use of outside counsel." Barjon v. Dalton, 132 F.3d 496, 501 (9th Cir. 1997). "Gates allows proof of either unwillingness **or** inability due to lack of experience, expertise, or specialization." Id.

Plaintiff's Executive Director Bill Jennings declares:

> Over the past fifteen years, I have tried to contact attorneys in the Sacramento area to see if they were interested in representing [Plaintiff] CSPA on a contingent basis in enforcing the Clean Water Act. After multiple discussions, I was unable to retain attorneys in Sacramento or the greater Sacramento area that were willing to take this kind of case on a contingent basis. I made similar inquiries in the Stockton area and was unsuccessful there as well. I then contacted several firms in the San Francisco Bay Area to see if they would take the case on a contingent basis. Of the attorneys I contacted, only Mr. Packard's firm, with Lozeau Drury LLP and Jackson & Tuerck agreeing to be co-counsel, were willing and able to do so.

(Jennings Decl. ¶ 12, ECF No. 232.)

This conclusory statement does not support a finding that Sacramento counsel was unavailable to represent Plaintiff in this case. Therefore, the relevant community for purposes of determining a reasonable hourly rate is Sacramento.

"[T]he burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the [relevant] community for similar services by lawyers of reasonably comparable skill, experience and

4

reputation." Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 980 (9th Cir. 2008) (quoting Blum, 465 U.S. at 896 n.11). "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." United Steelworkers of Am. v. Phelps Dodge Corp., 896 F.2d 403, 407 (9th Cir. 1990).

The only evidence Plaintiff presented on Sacramento attorney fee rates follows.

Environmental lawyer Frederic Evenson declares:

> I believe Mr. Packard's firm's market rates of $595/hour for his work, and $333-350/hour for the work of his associates with four to six years of experience and specialized environmental training, are well within the range of market rates charged by attorneys with similar experience and skill in both the San Francisco and the Sacramento areas.

(Evenson ¶ 12, ECF No. 239.) The fact Evenson uses the "words 'I believe,' however, does not automatically render [his] testimony inadmissible. Rather, the question is whether [his] statements lack[] the requisite proof of personal knowledge." Edwards v. Toys "R" Us, 527 F. Supp. 2d 1197, 1201 (C.D. Cal. 2007) (citation and internal quotation marks omitted). Evenson, however, does not assert he has personal knowledge of Sacramento rates, and instead outlines his personal knowledge concerning San Francisco rates and "across the state" rates. (E.g., Evenson ¶ 9.) Therefore, Evenson's belief is not "satisfactory evidence of the prevailing market rate." United Steelworkers of Am., 896 F.2d at 407; see also Jordan v. Multnomah Cty., 815 F.2d 1258,

1264 n.9 (9th Cir. 1987) (noting that affiant "did not indicate that the rates sought were comparable to [affiant's] rates, and that plaintiffs did not submit evidence to support [his] belief," where affiant stated in support of an hourly rate: "I believe that these hourly rates are reasonable and consistent with those being charged by attorneys of comparable skill and experience on comparable matters in this community,").[2]

Environmental lawyer Donald B. Mooney declares: "It is my experience that current market rates for attorneys in the Sacramento area with 21 years of experience is $450/hour, and attorneys with 4-6 years of experience is in the range of $245-$320/hour." (Mooney Decl. ¶ 13, ECF No. 238.) Mooney's declaration does not show that his referenced "experience" qualifies him to opine "about the prevailing rate in [Sacramento] for similarly qualified lawyers working on a similar [Clean Water Act] case." Schwarz v. Sec'y of Health & Human Servs., 73 F.3d 895, 908 (9th Cir. 1995).

Lozeau declares: "I am aware that the prevailing market rate for associates with comparable experience as associates who worked on this case range . . . from $225 to $475 in the Sacramento area." (Lozeau Decl. ¶ 11.)

These declarants have not pointedly stated the prevailing rate in this community for a comparable Clean Water

---

[2] Similarly, Lozeau asserts in his declaration: "Based on my research and my discussions with other attorneys, I have become familiar with the commercial rates charged by attorneys of my experience and skill in Sacramento, which I **believe** are currently in the range of $400 to $700." (Lozeau Decl. ¶ 10, ECF No. 234 (emphasis added).) He also declares: "I also **believe** Mr. Packard's firm's market rates of $595/hour for his work, and $283-350/hour for his associates' work, are well within the range of market rates charged by attorneys with similar experience and skill in both the San Francisco and the Sacramento areas." (Lozeau Decl. ¶ 13 (emphasis added).)

6

Act litigator. Therefore, Plaintiff fails to carry its burden to demonstrate that the requested rates arereasonable, and its motion for attorney fees is denied.

**B.    Expert Witness Fees**

Plaintiff "seek[s] reimbursement of its expert [witness fees] in the amount of $116,952.13." (Mot. 15:17-18.) It argues its expert witness fees for certified geologist John Lane are warranted since he "provide[d] expert testimony regarding the connectivity of the Facility's discharges to 'waters of the United States' within the meaning of the C[WA]." (Mot. 21:16-18.) It also argues its expert witness fees for certified geologist Steven Bond are warranted since his testimony was important "to all claims on which Plaintiff [was granted] . . . summary judgment and . . . [defeated] most of the arguments presented by Defendants in the cross-motions for summary judgment." (Mot. 23:9-10.) Packard further declares these expert costs "were reasonable and necessary to [Plaintiff]'s diligent prosecution of this action." (Packard Decl. ¶¶ 61-62.)

Defendants do not oppose this portion of the motion.

Section 1365(d) permits an award of reasonable expert witness fees "to any prevailing or substantially prevailing party."

However, the reasonableness of the sought-after expert witness fees cannot be confirmed, since "[P]laintiff ha[s] failed to provide adequate documentation to assess the reasonableness of the claimed amounts." Cabrales v. Cty. of Los Angeles, 864 F.2d 1454, 1466-67 (9th Cir. 1988) cert. granted, judgment vacated, 490 U.S. 1087 (1989) and opinion reinstated, 886 F.2d 235 (9th

7

Cir. 1989) ("We hold that the court's denial of these fees on these grounds was not an abuse of discretion."). Exhibit I, submitted in support of Plaintiff's request for expert costs, merely lists the experts' names and total costs. (Ex. I, ECF No. 233-8.) Although Packard asserts that the expert costs are reasonable and describes the topics on which the two experts provided testimony, (Packard Decl. ¶¶ 60-63), Plaintiff "does not explain in any real detail how the experts divided their time between various tasks: there are no time entries or invoices from the experts, for example." Banas v. Volcano Corp., 47 F. Supp. 3d 957, 978-79 (N.D. Cal. 2014). Therefore, Plaintiff's request for expert witness fees is denied.

**C. Litigation Expenses (Taxation of Costs)**

Plaintiff seeks $27,523.33 in "litigation expenses normally billed to a client (such as filing fees, court reporters, deposition transcript, copies, postage, courier, travel)." (Packard Decl. ¶ 60.)

Local Rule 292 contemplates that a bill of costs is not filed until final judgment is entered, and therefore, the request for litigation expenses (costs) is premature and denied on this basis.

**D. Fee Motion**

Plaintiff seeks an additional $37,050.20 in fees for time spent on this motion. (Mot. 15:19-20.) Both Packard and Truxillo worked on the fee motion and billed twenty-two and four hours, respectively. (Ex. A.) However, since Plaintiff has not sustained its attorney fee rate request, this portion of the motion is also denied.

### III. CONCLUSION

Plaintiff's motion for interim attorney fees is denied. Further, Plaintiff's motion to strike Defendant's errata to their Opposition brief is denied as moot in light of this decision.

Dated: January 7, 2016

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge