UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA SPORTFISHING PROTECTION ALLIANCE, a non-profit corporation,<br><br>                     Plaintiff,<br><br>          v.<br><br>CHICO SCRAP METAL, INC., a California corporation; GEORGE W. SCOTT, SR., individually and as trustee of GEORGE W. SCOTT, SR. REVOCABLE *INTER VIVOS* TRUST,<br><br>                     Defendants. | No. 2:10–cv–01207–TLN–DB<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION** |

This matter is before the Court pursuant to Plaintiff California Sportfishing Protection Alliance's ("Plaintiff") motion for reconsideration of Judge Garland E. Burrell's order denying Plaintiff's motion for interim attorney fees. (ECF No. 257.)[1] Defendants Chico Scrap Metal, Inc., and George W. Scott, Sr., individually and as trustee of the George W. Scott, Sr. Revocable *Inter Vivos* Trust ("Defendants") filed an opposition to Plaintiff's motion. (ECF No. 263.) The Court has carefully considered the arguments raised in Plaintiff's motion and reply, as well as

---

[1] On September 21, 2015, Plaintiff filed a motion for interim attorney fees and costs. (ECF No. 231.) On January 8, 2016, District Judge Burrell denied Plaintiff's motion. (ECF No. 253.) Subsequently, Chief Judge Morrison C. England, Jr. issued an order reassigning this case to District Judge Troy L. Nunley for all further proceedings. (ECF No. 254.)

1

Defendants' opposition. For the reasons set forth below, Plaintiff's motion for reconsideration is DENIED.

## I. PROCEDURAL BACKGROUND

Plaintiff brings this suit against Defendants for enforcement under the Clean Water Act ("CWA") and California's Safe Drinking Water & Toxic Enforcement Act ("Proposition 65"). (ECF No. 97 at ¶¶ 1, 4.) After completing factual and expert discovery on March 23, 2015, Plaintiff and Defendants both moved for summary judgment. (ECF No. 169, 174, respectively.) Judge Burrell issued an order on August 17, 2015, granting partial summary judgment for Plaintiff and Defendants. (ECF No. 221.) Defendants then filed a motion asking Judge Burrell to reconsider the Court's grant of partial summary judgment in favor of Plaintiff. (ECF No. 226.) Judge Burrell granted the motion for reconsideration in part. (ECF No. 251.) On September 21, 2015, Plaintiff filed a motion for interim attorney's fees as a prevailing party under the CWA's fee provision, 33 U.S.C. § 1365(d). (ECF No. 230.) On January 8, 2016, Judge Burrell issued an order denying Plaintiff's interim fee motion. (ECF No. 253.) Plaintiff filed the instant motion, seeking reconsideration of Judge Burrell's order. (ECF No. 257.)

## II. STANDARD OF LAW

"As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001). A plaintiff may seek reconsideration of a district court's interlocutory order. *United States v. Martin*, 226 F.3d 1042, 1049 (9th Cir. 2000); E.D. Cal. L.R. 230(j) (allowing application for reconsideration "[w]henever any motion has been granted or denied in whole or in part"). Moreover, Federal Rule of Civil Procedure 54(b) authorizes the court to revise "any order or other decision ... that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties ... at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b); *Irving v. Lennar Corp.*, No. 2:12–CV–0290 KJM EFB, 2014 WL 1573552, at *2 (E.D. Cal. 2014).

Reconsideration is unwarranted in the ordinary case: "[A] motion for reconsideration

should not be granted, absent highly unusual circumstances." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citations omitted); *see also United Nat'l Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009). Frequent use would undermine "the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School District No. 1J, Multnomah County, Oregon v. AC & S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see also* E.D. Cal. L.R. 230(j) (stating that a party seeking reconsideration must show what "new or different facts or circumstances" which were not previously shown "or what other grounds exist for the motion"). "Clear error occurs when the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." *Smith v. Clark Cty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (citation and internal quotations omitted). A mere "attempt to reargue the case is not grounds for granting a motion for reconsideration." *Kodimer v. Cnty. of San Diego*, No. 07–CV–2221–BEN (NLS), 2010 WL 2926493, at *1 (S.D. Cal. July 22, 2010) (citing *American Ironworks*, 248 F.3d at 899).

**III.   ANALYSIS**

Section 1365(d) of the CWA states: "The court, in issuing any final order in any action brought pursuant to this section, may award costs of litigation (including reasonable attorney and expert witness fees) to any prevailing or substantially prevailing party, whenever the court determines such award is appropriate." A district court's decision to award attorney fees under Section 1365(d) must meet two requirements: (1) the fee applicant must be a prevailing or substantially prevailing party; and (2) the court finds that an award of attorney fees is appropriate. *Resurrection Bay Conservation All. v. City of Seward, Alaska*, 640 F.3d 1087, 1091 (9th Cir. 2011). "The determination of attorney fees is within the sound discretion of the trial court and will not be disturbed absent an abuse of discretion." *Id.* (quoting *Tutor–Saliba Corp. v. City of Hailey*, 452 F.3d 1055, 1065 (9th Cir. 2006)). Plaintiff asserts six legal errors warrant the Court's reconsideration. However, based on Ninth Circuit precedent, the Court does not find that

Plaintiff's assertions rise to the level of clear legal error, so as to permit reconsideration.

### A.  Failure to Show Evidence of Prevailing Rates

Plaintiff argues Judge Burrell committed a clear error of law by not adhering to the "reasonable rates" standard, which Plaintiff defines as the rate for an attorney with "reasonably comparable skill, experience and reputation" for "similar services." (ECF No. 257 at 9.) Plaintiff contends Judge Burrell applied an erroneously narrow standard by requiring proof of rates of attorneys specializing in CWA exclusively. (ECF No. 257 at 9.) Plaintiff further argues Judge Burrell committed clear error by finding that Plaintiff failed to produce satisfactory evidence of prevailing rates. (ECF No. 257 at 12.)  The Court finds that Plaintiff's has failed to show that Judge Burrell committed a clear error in his determination.

"The most useful starting point for determining the amount of a reasonable [attorney's] fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "When determining a reasonable hourly rate, the relevant community is the forum in which the district court sits." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1205 (9th Cir. 2013) (citation omitted). Importantly, the fee applicant has the burden of producing "satisfactory evidence" that the requested rates are in line with those prevailing in the relevant community for similar legal services of reasonably comparable skill and reputation. *Blum v. Stetson*, 465 U.S. 886, 895–97 & n.11; *Gonzalez*, 729 F.3d at 1205; *Jordan v. Multnomah Cty.*, 815 F.2d 1258, 1262–63 (9th Cir. 1987). Satisfactory evidence of the prevailing market rates for similar legal services include affidavits of plaintiff's counsel, affidavits of other attorneys regarding prevailing market rates in the relevant community, and rate determinations in other cases, particularly those setting a rate for the plaintiff's counsel. *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990); *Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 908 (9th Cir. 1995) (satisfactory evidence demonstrates the prevailing market rate in the relevant community for "similarly qualified lawyers working on a similar type of case").

"Clear error occurs when the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." *Smith v. Clark Cty. Sch. Dist.*, 727 F.3d

4

950, 955 (9th Cir. 2013) (internal citations omitted).  Here, Judge Burrell did not leave this Court with a "definite and firm conviction a mistake was committed," *Smith*, 727 F.3d at 955.  *Schwarz v. Sec'y of Health & Human Servs*. instructs that satisfactory evidence demonstrates the prevailing market rate in the relevant community for "similarly qualified lawyers working on a similar type of case."[2]  73 F.3d 895, 908 (9th Cir. 1995).  Judge Burrell repeats this standard almost exactly in his order, writing that Plaintiff's declarants did not credibly opine "about the prevailing rate in Sacramento for similarly qualified lawyers working on a similar Clean Water Act case." (ECF No. 253 at 6.)  Judge Burrell's specificity in stating that the prevailing rate should refer to a similar Clean Water Act case rather than a "similar type of case" is not tantamount to applying an erroneous legal standard.  As such, Judge Burrell's ruling does not constitute clear error and cannot serve as grounds for reconsideration.

Plaintiff also argues Judge Burrell applied an erroneously narrow standard when concluding Plaintiff's "declarants have not pointedly stated the prevailing rate in this community for a comparable Clean Water Act litigator." (ECF 253 at 6.)  This statement does not amount to clear error because it is not a definitive application of an erroneous legal standard.  Instead, Judge Burrell found Plaintiff failed to produce evidence of a prevailing rate because none of Plaintiff's affiants indicated how their work and rates for their work were clearly similar to Plaintiff's requested rates and type of litigation.  (ECF No. 253 at 5–6.)  The Court finds no error in this finding.

Moreover, when Judge Burrell stated Plaintiff failed to provide adequate evidence showing rates of a "comparable Clean Water Act litigator," it is not clear he was limiting evidence of market rates solely to CWA cases as Plaintiff contends. (ECF No. 257 at 12.)  For instance, Plaintiff's declarants opined only generally about environmental lawyers in Sacramento, which is a large and diverse field of law.  (ECF No. 253 at 5–6.)  Simply because Judge Burrell

---

[2] The full quote from *Schwarz*, 727 F.3d at 955, reads: "Schwarz's evidence consisted of a declaration from one member of the Arizona bar, which does not indicate that the rates sought were comparable to her rates, or whether the rate might be different depending on the type of case, *see Jordan*, 815 F.2d at 1263 n. 9 (criticizing an almost identical declaration submitted in support of an hourly rate), and a couple of published surveys of ranges of fees charged by various law firms based in Seattle, Washington, and other cities across America. These surveys, however, told the district court nothing *about the prevailing rate in Portland or Phoenix for similarly qualified lawyers working on a similar type of case*." (emphasis added).

found general evidence of environmental lawyers' rates was insufficient does not mean that he would have required evidence as to CWA evidence specifically. This Court does not find Judge Burrell committed a clear mistake by requiring the evidence be similar enough to Plaintiff's specific type of environmental litigation to meet the burden of "satisfactory evidence." *Gonzalez*, 729 F.3d at 1205.

Furthermore, it is clear that Plaintiff did not meet the evidentiary requirement to permit attorneys' fees to be determined. For example, Plaintiff originally submitted evidence of San Francisco Bay Area rates, which demonstrates that Judge Burrell was correct in finding that Plaintiff failed to show comparable evidence of the prevailing market rate within the Sacramento community.[3] As such, this Court finds that Judge Burrell did not commit a clear error of law.

Finally, Plaintiff vaguely asserts that he met his burden of proffering "satisfactory evidence" under the "correct legal standard." (ECF No. 257 at 12.) However, as the Court has already made clear, "the determination of attorney fees is within the sound discretion of the trial court." *Resurrection Bay*, 640 F.3d at 1094 (citation omitted). "To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence" of the prevailing market rate in the relevant community. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 980 (9th Cir. 2008) (quoting *Blum*, 465 U.S. at 895 n.11). A court abuses its discretion by determining the prevailing market rate in reliance on unsatisfactory evidence. *See Bell v. Clackamas County*, 341 F.3d 858, 869 (9th Cir. 2003) (finding the district court abused its discretion when applying market rates in effect more than two years before the work was performed). Here, it was within Judge Burrell's discretion to accept or reject Plaintiff's evidence based on how "comparable" it was to the prevailing market rate "in this community" for similar lawyering. Thus, Judge Burrell's rejection of Plaintiff's evidence as unsatisfactory was not a clear mistake of law and the Court cannot grant reconsideration on those grounds.

//

//

---

[3] Judge Burrell found Sacramento was the relevant community for determining Plaintiff's prevailing market rate. (ECF No. 253 at 4.) Plaintiff does not seek reconsideration of that holding. (ECF No. 257 at 9 n.7.)

B. Denial of Attorney's Fees

Plaintiff also argues the Court erred because it "must" award reasonable attorney's fees when there is no finding of any special circumstances. (ECF No. 257 at 13:21–22.) "An award of attorney fees may not be appropriate where 'special circumstances' are found." *Resurrection Bay*, 640 F.3d at 1091. Although the Ninth Circuit has not clearly defined the "special circumstances" standard, it has interpreted the standard very narrowly so that "examples of considerations that do not rise to the level of special circumstances are more prevalent than examples of considerations that do." *Id*. at 1092. Here, however, Plaintiff and Defendants agree that no special circumstances exist. (ECF No. 253 at 3:4–7.)

Because the parties agree there are no special circumstances and Judge Burrell did not discuss them in his order, Plaintiff contends Judge Burrell was required to enter a prevailing market rate despite finding Plaintiff's evidence unsatisfactory. (ECF No. 257 at 16.) Plaintiff continues, "in every instance where judges in the Eastern District have held that a fee applicant failed to meet its burden to support its requested rate, the court has gone on to assign a reasonable rate…." (ECF No. 257 at 15.)[4]

In opposition, Defendants argue that Plaintiff never asked the court to look at independent sources of evidence to determine a prevailing market rate and nothing required Judge Burrell to do so. (ECF No. 263 at 12.) Defendants further assert that to allow Plaintiff to make this argument under the reconsideration standard is improper because Plaintiff could have raised it on the initial fees motion. (ECF No. 263 at 12.)

Normally, an absence of special circumstances indicates to the district court that an award of reasonable attorney's fees is appropriate. *Resurrection Bay*, 640 F.3d at 1094. However, "the determination of attorney fees is within the sound discretion of the trial court." *Id.* Ultimately, the

---

[4] In support of this argument, Plaintiff cites to four cases within the Eastern District of California wherein the court opted to award attorney's fees despite a party's failure to provide adequate support. *Johnson v. Allied Trailer Supply*, No. CIV. 2:13-1544 WBS, 2014 WL 1334006 (E.D. Cal. Apr. 3, 2014) (Shubb, J.); *Joe Hand Promotions, Inc. v. Albright*, No. CIV. 2:11-2260 WBS, 2013 WL 4094403 (E.D. Cal. Aug. 13, 2013) (Shubb, J.); *Broad. Music Inc. v. Antigua Cantina & Grill*, LLC, No. 2:12-CV-1196 KJM DAD, 2013 WL 2244641 (E.D. Cal. May 21, 2013) (Mueller, J.); *Sanchez v. Frito-Lay, Inc*., No. 1:14-CV-00797 AWI, 2015 WL 4662636 (E.D. Cal. Aug. 5, 2015) (Seng, M.J.). While the Court disagrees with Plaintiff's assertion that the Court *must* independently determine a rate if a party does not meet its burden of proof, the Court has reviewed these cases and found that in each instance the prevailing party met a minimum threshold of evidentiary proof that Plaintiff in this case has not met.

burden is on the moving party to produce satisfactory evidence to inform and assist the court in its exercise of discretion. *Camacho*, 523 F.3d at 980 (9th Cir. 2008) (quoting *Blum*, 465 U.S. at 895 n.11). Fundamentally, Plaintiff failed to meet that burden and Judge Burrell exercised his discretion to deny Plaintiff's motion. Plaintiff has not pointed to any case law, and the Court finds none, indicating that Judge Burrell committed an error of law by not awarding attorney's fees despite the fact that special circumstances were not present. *Smith*, 727 F.3d at 955.[5]

### C. Denial of Expert Witness Fees

In his challenged Order, Judge Burrell denied Plaintiff's expert fees request because the reasonableness of the request could not be assessed due to inadequate documentation. (ECF No. 253 at 8.) Plaintiff argues Judge Burrell could not deny the expert fees altogether, absent a finding of special circumstances, because expert fees are treated like attorney's fees which "must" be awarded. (ECF No. 257 at 16.) In support, Plaintiff cites a Kentucky district court decision, which is not controlling on this Court.[6] (ECF No. 257 at 16.) Plaintiff further contends the Court may only reduce an award where documentation of hours is inadequate. (ECF No. 257 at 16:13–16). This Court finds Plaintiff's arguments unpersuasive.

Judge Burrell's order relied on two cases regarding expert witness fees. First, where a motion for expert witness fees did "not explain in any real detail how the experts divided their time between various tasks: there are no time entries or invoices from the experts, for example," the court ordered an across the board 15% reduction. (ECF No. 253 at 8 (citing *Banas v. Volcano Corp.*, 47 F. Supp. 3d 957, 977 (N.D. Cal. 2014)).) Second, a court found that an application for expert witness fees was properly denied where plaintiff failed to provide adequate documentation to assess the reasonableness of the claimed amounts. (ECF No. 253 at 7 (citing *Cabrales v. Cty. of Los Angeles*, 864 F.2d 1454 (9th Cir. 1988), opinion reinstated, 886 F.2d 235 (9th Cir. 1989)).)

---

[5] Moreover, Section 1365(d) provides that reasonable attorney's fees may be awarded upon the court issuing any "final order" and "whenever the court determines such award is appropriate." 33 U.S.C. § 1365(d). Plaintiff will have another opportunity to request attorney's fee again at the conclusion of this litigation.

[6] Plaintiff cites *Am. Canoe Ass'n, Inc. v. City of Louisa*, 683 F. Supp. 2d 480, 498–99 n.10 (E.D. Ky. 2010) ("The Sixth Circuit has not spoken on th[e] issue [of assessing reasonableness of expert fees]. Though the courts have not developed case law on expert fees as thoroughly as they have for attorney fee calculations, the statutory standard is the same for both. Both awards must be 'reasonable' *when the court determines they are 'appropriate.'*") (emphasis added).

Here, Judge Burrell's denial of Plaintiff's expert fees for inadequate documentation does not constitute clear error because Plaintiff had the burden to produce satisfactory evidence showing the reasonableness of the fees. *See Gonzalez*, 729 F.3d at 1206 (finding a fee applicant has the burden of producing satisfactory evidence that the rates requested were reasonable). Judge Burrell denied Plaintiff's request because Plaintiff's counsel simply asserted their fee request was reasonable, but did not provide any detailed documentation to the Court supporting those assertions.[7] (ECF No. 253 at 8.)   Therefore, Judge Burrell's denial of Plaintiff's expert fees due to inadequate documentation does not leave this Court with a "definite and firm conviction that a mistake has been committed." *Smith*, 727 F.3d at 955.

### D. Denial of Litigation Costs

In his challenged Order, Judge Burrell found that Plaintiff's request for litigation expenses was premature because Local Rule 292 of the U.S. District Court for the Eastern District of California ("Local Rule 292") contemplates that a bill of costs is not filed until final judgment is entered. (ECF No. 253 at 8.) Plaintiff argues he seeks litigation expenses under 33 U.S.C. § 1365(d), not a post–judgment bill of taxable costs under 28 U.S.C. § 1920, and that Local Rule 292 only addresses costs under Section 1920. (ECF No. 257 at 18.) Plaintiff also contends Judge Burrell erred by not even discussing Plaintiff's entitlement to litigation expenses under Section 1365(d). (ECF No. 257 at 18.)

Local rules have the force and effect of law so long as they are not inconsistent with statutes or the Federal Rules of Civil Procedure. 28 U.S.C. § 2071; Fed. R. Civ. Pro. 83(a)(1); *see Alliance of Nonprofits for Ins., Risk Retention Group v. Kipper*, 712 F.3d 1316, 1327 (9th Cir. 2013). Local Rule 292 addresses costs awarded under Federal Rule of Civil Procedure 54. "Costs … should be allowed to the prevailing party … unless a federal statute … provides otherwise." Fed. R. Civ. P. 54(b). The cost provision of the CWA reads "the court … may award

---

[7] Furthermore, Plaintiff submits billing statements from his two expert witnesses in support of the instant motion. (ECF No. 258 at Exhibits 1 and 2.) This evidence could have been introduced on the interim fee motion. It is improper for the Court to consider any new information that could have been introduced initially on a motion for reconsideration. *Kodimer v. Cnty. of San Diego*, No. 07–CV–2221–BEN (NLS), 2010 WL 2926493, at *1 (S.D.Cal. July 22, 2010) (citing *American Ironworks*, 248 F.3d at 899) ("[An] attempt to reargue the case is not grounds for granting a motion for reconsideration.") Because the Court did not consider this documentation, Defendants' motion to strike these declarations (ECF No. 265) is DENIED AS MOOT.

9


costs … to any prevailing party … whenever the court determines such award is appropriate." 33 U.S.C. §1365(d).

Here, Judge Burrell did not commit clear legal error because the CWA provision does not specify *when* costs must be entered for a prevailing party. Thus, Judge Burrell was free to exercise his discretion by requiring that costs being entered pursuant to Local Rule 292. Therefore, this Court finds that Judge Burrell did not commit a "definite … mistake" required under the clear error standard in denying costs until post-judgment. *Smith*, 727 F.3d at 955.

E.  Denial of Attorney's Fees for Interim Motion

In his challenged Order, Judge Burrell denied Plaintiff's request for fees accrued working on Plaintiff's interim fees motion because Plaintiff did not sustain his attorney's fees rate request. (ECF No. 253 at 8.) Plaintiff argues he is entitled to attorney's fees for preparing the interim motion for the same reasons he was entitled to the attorney's fees Plaintiff originally moved for. (ECF No. 257 at 19 (citing *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 981 (9th Cir. 2008) ("In statutory fee cases, federal courts, including our own, have uniformly held that time spent in establishing the entitlement to and amount of the fee is compensable.")).) As established above, Plaintiff failed to show any clear error by Judge Burrell when he found Plaintiff did not establish his "entitlement" to his original attorney's fees. *Camacho*, 523 F.3d at 981. Accordingly, Judge Burrell's denial of Plaintiff's request for attorney's fees accrued for preparing the original attorney's fees motion does not amount to a clear, "definite and firm" error of law. *Smith*, 727 F.3d at 955.

F.  Order Not Manifestly Unjust

Plaintiff also claims Judge Burrell's order was manifestly unjust because the denial of Plaintiff's attorney's fees and costs is "based solely on erroneous legal rulings." (ECF No. 264 at 10.) However, the Court has concluded that Judge Burrell did not commit clear legal error on any issue in his challenged Order. Thus, Plaintiff's basis for finding manifest injustice is flawed. Further, Plaintiff's fee request was an interim motion and he suffers no prejudice from denial. Therefore, because Plaintiff will have subsequent opportunities to obtain costs and fees, Judge Burrell's challenged Order cannot be manifestly unjust.

### IV. CONCLUSION

For the reasons set forth above, the Court hereby DENIES Plaintiff's Motion for Reconsideration.  (ECF No. 257.)

IT IS SO ORDERED.

Dated: September 21, 2016

Troy L. Nunley
United States District Judge