| | |
|---|---|
| UNITED STATES DISTRICT COURT | |
| EASTERN DISTRICT OF CALIFORNIA | |

| | |
|---|---|
| CALIFORNIA SPORTFISHING PROTECTION ALLIANCE, a non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>CHICO SCRAP METAL, INC., a California corporation, and GEORGE W. SCOTT, SR. individually and as trustee of GEORGE W. SCOTT, SR. REVOCABLE *INTER VIVOS* TRUST DATED SEPTEMBER 25, 1995,<br><br>Defendants. | No. 2:10-cv-01207-TLN-DB<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO CONTINUE THE TRIAL DATE PENDING NINTH CIRCUIT DECISION IN *U.S. v. ROBERTSON*** |

This matter is before the Court pursuant to Defendants' Chico Scrap Metal, Inc., and George W. Scott, Sr. individually and as Trustee of George W. Scott, Sr. Revocable *Inter Vivos* Trust (collectively "Defendants") Motion to Continue the Trial Date Pending the Ninth Circuit's Decision in *U.S. v. Robertson*. (ECF No. 293.) Plaintiff California Sportfishing Protection Alliance ("Plaintiff") opposes Defendants' motion. (ECF No. 296.) Defendants filed a reply. (ECF No. 297.) The Court has carefully considered the arguments raised by both parties. For the reasons set forth below, Defendants' Motion to Continue the Trial Date Pending the Ninth Circuit Decision in *U.S. v. Robertson* (ECF No. 293) is hereby GRANTED.

1

## I. BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed its complaint, seeking relief from "Defendants' discharges of pollutants in surface water from [Defendant's] scrap metal recycling facility ("Facility")." (ECF No. 97 ¶ 9.) Plaintiff alleged Defendants discharged surface water "to a series of irrigation ditches that discharge to the North Fork Honcut Creek, which flows into Honcut Creek, which flows into the Feather River, which drains to the Sacramento River and the Sacramento-San Joaquin Delta." (ECF No. 97 ¶ 10.) Plaintiff argued these discharges violated, among other statutes and regulations, provisions of the Federal Water Pollution Control Act, 33 U.S.C. Section 1251, *et seq*. ("Clean Water Act"). (ECF No. 97 ¶ 1.)

Defendants denied the Facility discharged pollutants or violated the Clean Water Act. (ECF No. 108 ¶¶ 2 & 9.) Defendants denied there was "sufficient connectivity between the ditch and the allegedly connected year-round creeks and rivers." (ECF No. 293 at 7.) The parties agreed that "[w]hen it rains, storm water associated with the Facility's industrial activities is discharged from the Facility." (ECF No. 221 at 2.)

The parties later sought summary judgment on, among other issues, whether Plaintiff had "sufficiently established the element of its [Clean Water Act] claims that requires it to show the discharges about which it complains are into 'navigable waters.'" (ECF No. 221 at 6.) The Court decided that if the Facility's discharges reach the Feather River by way of other bodies of water, even intermittently, and those discharges affect the integrity of the Feather River, then the Facility's discharges are subject to the Clean Water Act. (ECF No. 221 at 8) (citing *N. Cal. River Watch v. City of Healdsburg*, 496 F.3d 993 (9th Cir. 2007) ("Healdsburg")).

Defendant anticipates a pending case, *U.S. v. Robertson*, Ninth Circuit Case No. 16-30178 ("Robertson"), may alter the *Healdsburg* standard on which this Court relied. (ECF No. 293 at 6.) Robertson argues recent precedent in *U.S. v. Davis*, 825 F.3d 1014 (9th Cir. 2016) overruled the approach the *Healdsburg* court applied when it adopted the definition of navigable waters that Justice Kennedy articulated in his concurrence in *Rapanos v. United States*, 547 U.S. 715 (2006). (ECF No. 296 at 5.) Defendant moves to continue the trial date until after the Ninth Circuit decides *Robertson*. (ECF No. 293 at 5.) Plaintiff opposes the motion. (ECF No. 296 at 3.)

## II.   STANDARD OF LAW

Under Federal Rule of Civil Procedure 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The trial court may, 'with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings that bear upon the case.'" *United States v. LaPant*, No. 2:16-CV-01498-KJM-DB, 2017 WL 2721981, at *1 (E.D. Cal. June 23, 2017) (quoting *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979)).

In evaluating a motion to stay proceedings and continue a trial date, the court must consider, (1) the damage that may result from granting the stay or continuance, "(2) the hardship or inequity a party may suffer in being required to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law expected to result from a stay." *LaPant*, 2017 WL 2721981 at *1 (citing *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962); *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005)).

## III.   ANALYSIS

Defendants argue good cause exists for the Court to continue the trial date because the Ninth Circuit's decision in *Robertson* may have a tremendous impact on this case and the Ninth Circuit will likely issue its decision within months. (ECF No. 293 at 13.) Defendants argue the time and expense of a trial will be significant for both the parties and the Court and those resources may be wasted if *Robertson* overturns the definition of navigable waters. (ECF No. 293 at 14.) Defendants add the delay will be reasonable as the Ninth Circuit has already heard arguments in *Robertson* and typically issues orders within three to twelve months, so the continuance would only be for a matter of months. (ECF No. 293 at 14–15.)

Plaintiff objects to the delay, arguing the definition of navigable waters is settled and this Court has already decided a portion of this case based on that definition. (ECF No. 296 at 4.) Plaintiff argues Defendants' reasons are speculative as the Ninth Circuit may affirm the present definition and may not issue any decision for up to a year. (ECF No. 296 at 6.) Finally, Plaintiff contends Defendants have not shown good cause for the delay. Plaintiff argues it will be harmed

because an entire wet season will pass, which may result in further discharge from the Facility, the case involves an elderly witness, and delay will increase litigation cost for its counsel. (ECF No. 296 at 8.) Plaintiff adds litigation cost is not a valid basis for claiming hardship or inequity, and Defendants were not diligent because 34 days elapsed between the date oral argument was set in *Robertson* and the date Defendants filed their motion. (ECF No. 296 at 8–9.)

The Court finds the factors weigh in favor of granting Defendants' motion and continuing the trial date. First, Defendants have shown the delay would likely be a matter of several months, in comparison to the several years during which the parties have engaged in extensive discovery and motions practice, the elderly witness has been deposed so his testimony would be available through transcript, and the record reflects that Plaintiff took two samples near the Facility which were both "non-detect" for lead. (ECF No. 297 at 3–4.)

Second, while being required to defend a suit may not alone justify delaying the entire case, *Lockyer*, 398 F.3d at 1112, the parties here have completed all discovery and are contemplating only moving a trial date some months until the Ninth Circuit has issued its decision. Unlike *Lockyear*, where the separate proceeding was "unlikely to decide, or to contribute to the decision of, the factual and legal issues before the district court," *id.* at 1113, here, the decision in *Robertson* may have a significant impact. The parties may lose their entire investment in the process of the trial if *Robertson* announces a different definition should have been in use, but there are no financial costs identified to setting a new trial date after the *Robertson* decision.

Third, rescheduling the trial will promote the orderly course of justice by clarifying which definition of navigable waters should control at trial. If *Robertson* does not announce a change in the definition, all parties can move to trial with certainty. It is also possible that *Robertson* may simplify a critical question in the case or even divest this Court of jurisdiction. The efficient administration and management of the Court's docket favors rescheduling in this circumstance. *LaPant*, 2017 WL 2721981 at *2 (Judge Mueller considering the effect of a decision in *Robertson* and declining to stay that case entirely, but delaying the completion of discovery until July 2018 and rescheduling the trial date to May 2019).

4

Finally, the Court does not agree that 34 days between the time oral arguments were scheduled in *Robertson* and Defendants filed their brief evidences a lack of diligence. The period included identifying the date for argument in *Robertson*, meeting and conferring with Plaintiff, and drafting and filing the motion. (ECF No. 296 at 9.) Plaintiff has not provided any authority supporting its contention that this period of time for these activities is an unreasonable delay.

**IV.　CONCLUSION**

For the reasons set forth above, the Court hereby GRANTS Defendants' motion (ECF No. 293) to continue the trial date pending the Ninth Circuit's decision in *Robertson* and vacates the trial date. The parties are hereby ordered to file a Joint Status Report within six months of the date of this Order updating the Court on the status of *Robertson*.

IT IS SO ORDERED.

Dated: September 5, 2017

Troy L. Nunley
United States District Judge